MANN, Chief Judge.
The question is whether Fla.Stat. 63.-081(3), F.S.A. (1971), which provides that “If the child sought to be adopted has attained the age of twelve years, the written consent of the child, executed and acknowledged as aforesaid, shall also be required” requires reversal of a judgment of adoption where no written consent was filed but the child’s consent is embodied in testimony taken at the final hearing. When the entire section[1] is read in context, it is apparent that the purpose of the statute is to insure that notice is given to all parties interested in the adoption proceeding. The consent is an alternative to notice and the statute speaks of consent as to those parties who would normally be expected to consent to the adoption rather than appear as adversary parties. Appel-lee’s counsel advises us that normal practice is to ignore subsection 3 at the pleading stage and supply the consent by interrogation of the child at final hearing. We think this procedure ignores the statute but that the error is harmless in this case. No objection was raised prior to final hearing that the child’s consent had not been filed with the petition, and the appellant raises the question for the first time on appeal. For the reasons that the purpose of the statute is not to avail the natural parent of a technical defense but rather to insure the agreement of the child to his adoption, and because the appellant cannot for the first time raise the question on appeal, the judgment is affirmed. The other points raised are without merit.
Affirmed.
HOBSON and BOARDMAN, JJ., concur.

. The section begins: “Service of process shall be unnecessary when a written consent is filed with the petition or thereafter executed in the presence of two witnesses and acknowledged before an officer authorized by law to take acknowledgments by: . . . ”